UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL ALAN CROOKER,
             Petitioner,

             v.                    CIVIL ACTION NO. 12-12106-GAO

JEFFREY GRONDOLSKY, WARDEN
OF FMC DEVENS,
             Respondent.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

BACKGROUND

I.      Prior Related Habeas Petition: Crooker v. Grondolsky, Civil Action No. 12-12024-RGS

On October 29, 2012, petitioner Michael Alan Crooker ("Crooker"), an inmate at FMC

Devens in Ayer, Massachusetts, filed a self-prepared petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241, and paid the $5.00 filing fee.  See Crooker v. Grondolsky, Civil Action No.

12-12024-RGS.  Crooker complained that he was being deprived of necessary cataract surgery,

and sought relief in the form of an order directing the Respondent to provide cataract surgery at

the expense of the government.  He did not seek immediate or speedier release from custody.

On November 1, 2012, Judge Stearns issued a Memorandum and Order (Docket No. 5)

dismissing the action on the ground that Crooker's claim for medical care did not raise any *bona*

*fide* habeas claim.  Rather, Judge Stearns concluded that the vehicle for bringing an inadequate

medical care claim was through a non-habeas civil action.  Id.; Crooker v. Grondolsky, 2012 WL

5416422 (D. Mass. Nov. 1, 2012).  Additionally, Judge Stearns noted that because Crooker was

a three-strikes litigant under 28 U.S.C. § 1915(g), in order to bring a non-habeas civil action, he

needed to pay the $350.00 filing fee or demonstrate that he is entitled to proceed *in forma*

*pauperis* because he is under an imminent threat of serious physical injury.  On November 8, 2012, Crooker filed a Notice of Appeal of the dismissal of his § 2241 petition.

Days later, on November 13, 2012, Crooker filed the instant habeas petition and paid the $5.00 filing fee.[1]

II.     The Instant Habeas Petition

Essentially, Crooker reiterates exactly the same factual allegations and legal conclusions made in his prior petition, but this time he notes that he has changed his request for relief.  He seeks either an injunction directing the Respondent to provide cataract surgery at government expense, or, in the alternative, release from custody so that he may obtain his own surgery at Massachusetts Eye and Ear Institute if the government refuses to provide such surgery.  He contends that either MassHealth or his family's health insurance or credit line would pay for the surgery.

Crooker argues that this change in requested relief (*i.e.*, release from custody) now brings his claim within the purview of habeas law.  Further, he contends that Judge Stearns erroneously held that § 2241 habeas relief was not available to remedy his medical mistreatment claim. Finally, he claims that the case law cited was outdated, and that recent case law holds to the contrary and permits habeas relief.

On January 3, 2013, this action was reassigned from Judge Wolf to the undersigned.

---

[1]Crooker characterizes this petition as a third petition because he also had filed a habeas petition in the District of Rhode Island, which had been dismissed as moot.  See Crooker v. Murphy, 2011 WL 2446492 (D.R.I. 2011) (Civil Action No. 11-16-M).

<u>DISCUSSION</u>

I.      <u>Review of the Habeas Petition</u>

Although this petition was brought pursuant to Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  <u>See</u> Rule 1(b) of the Rules Governing Section 2254 proceedings; <u>Boutwell v. Keating</u>, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (district court acted within its discretion by applying Rule 4(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); <u>Perez v. Hemingway</u>, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4 of the Rules Governing Section 2254 proceedings, the court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the court "must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4; <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); <u>Mahoney v. Vondergritt</u>, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  <u>Marmol v. Dubois</u>, 855 F. Supp. 444, 446 (D. Mass. 1994); <u>see</u> <u>Eady v. Director, Charleston County Detention Center</u>, 2011 WL 3704225, *3 (D.S.C. 2011) <u>citing</u> <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970) (noting that federal district courts have a duty to screen habeas petitions and eliminate burden on respondents caused by ordering an unnecessary answer or return), <u>cert.</u> <u>denied</u>, 400 U.S. 906 (1970).

II.     <u>Crooker Again Fails to Set Forth a Cognizable Habeas Claim</u>

This Court assumes familiarity with the discussion by Judge Stearns in the Memorandum

3

and Order in Crooker's earlier habeas petition, and thus need not reiterate that discussion and/or the case law cited there, but incorporates the opinion by reference.

 For the reasons set forth by Judge Stearns, and for the reasons set forth herein, this Court finds that Crooker still has not stated a cognizable habeas claim. Although he now couches his request for relief as one for release from custody, his underlying legal claim is the same as asserted before Judge Stearns (*i.e.*, a claim based on for deliberate indifference to a serious medical need). The request for release does not alter the conclusion that Crooker must proceed via a non-habeas action rather than a § 2241 petition under these circumstances. As Judge Stearns noted in his decision, judges of this Court repeatedly have held that the failure to provide adequate medical treatment is not the proper subject of a petition for a writ of habeas corpus.[2] Claims for inadequate medical treatment are most properly characterized as conditions of confinement claims, which are generally not cognizable under § 2241; rather most challenges to the constitutional adequacy of medical care should proceed as a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Williams v. Winn, Civil Action No. 05-12211-MLW; Memorandum and Order (Docket No. 8 at 9). There is no basis for departure from this earlier view.

 Crooker argues that more recent case law supports his position, and this Court is aware that the District of Connecticut has taken a broader view of the scope of § 2241. Duverge v. Zickefoose, 2010 WL 466709, *1 (D. Conn. 2010) (holding inmates may challenge their

---

[2]Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991) ("[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody ... then habeas corpus is his remedy," while "if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law.").

conditions of confinement under § 2241, including a request for certain medical care, citing Ilina v. Zickefoose, 591 F. Supp. 2d 145, 147 (D. Conn. 2008)).  Nevertheless, the prevailing view is that an inmate must proceed with a non-habeas action to challenge medical care.  See Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011) ("[W]e'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions."); Mines v. Mallisham, 2003 WL 22961358, *2 (N.D. Tex. 2003) ("[H]abeas corpus is not the appropriate vehicle to seek relief for medical claims, because even if a petitioner can demonstrate that his or her allegations of mistreatment are true and amount to a constitutional violation, the petitioner would still not be entitled to release from prison") citing Cook v. Hanberry, 596 F.2d 658, 660 (5th Cir. 1979).  See also Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005) ("If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option."); Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) (even where a prisoner proves mistreatment in prison that amounts to cruel and unusual punishment, "relief of an Eighth Amendment violation does not include release from confinement").  Moreover, as Judge Stearns noted, the United States Court of Appeals for the First Circuit ("First Circuit") has stated its view that except in extreme cases, challenges to the constitutionality of the adequacy of medical care should proceed as a civil rights claim under Bivens or § 1983, or an ordinary civil action under federal law.  See Brennan v. Cunningham, 813 F.2d 1, 4-5 (1st Cir. 1987).  Here, despite Crooker's allegation that the case law is outdated, the underlying principles set forth in those cases are sound and still may be applied.  Notwithstanding that other courts take a contrary position, this Court deems it prudent to follow the First Circuit's view.

Finally, this Court finds no extreme circumstances are presented in this case that would

warrant any differing interpretation of the scope of § 2241.[3]

Accordingly, for the reasons noted above, this Court finds that no response from the Respondent is necessary, and this § 2241 petition will be <u>DISMISSED</u> *sua sponte*.  In order to preserve scarce judicial resources, this dismissal is with prejudice to the extent that Crooker may not refile another habeas petition in this Court seeking cataract surgery or release.

III.    <u>Declination to Convert This Action as a Non-Habeas Action</u>

This Court has considered whether it is proper to convert this action into a civil, non-habeas action, but declines to do so for several reasons.  First, Crooker has not consented to such a conversion and this Court would not presume, *sua sponte*, that he would do so.  Second, while Crooker's immediate custodian (Warden Grondolsky) is the proper Respondent in a habeas action, Crooker has not named the proper Defendant for a civil, non-habeas action.  The proper defendant is not necessarily the Warden of FMC Devens, because in civil rights actions, there is no *respondeat superior* liability.  <u>Estate of Rosenberg by Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995); <u>Capozzi v. Department of Transp.</u>, 135 F. Supp. 2d 87, 98 (D. Mass. 2001). Thus, Crooker would need to assert his claims against those individuals he alleges are directly responsible for constitutional violations regarding his medical care.  Third, Crooker must set forth the causes of action against each of those individuals (*e.g.*, <u>Bivens</u>, Federal Tort Claims

---

[3]As an additional matter, this court notes that application of § 2241 with respect to medical care claims likely could serve to open the floodgates for prisoner lawsuits because it would permit a prisoner to circumvent the objectives of the Prison Litigation Reform Act by requiring a prisoner to pay only the modest $5.00 filing fee for habeas petitions rather than payment of the entire $350.00 filing fee for non-habeas actions (albeit in installment payments pursuant to 28 U.S.C. § 1915(b)).  It also would serve as a basis for a prisoner to circumvent the three-strikes rule of 28 U.S.C. § 1915(g).

Act, Administrative Procedures Act, or violations of other federal law).[4]

Fourth, although Crooker has alleged to have exhausted administrative remedies, it is unknown whether he has exhausted administrative remedies against those persons who might be named as defendants in any civil action, in accordance with the exhaustion requirements of 42 U.S.C. § 1997e(e).  While he is not obligated to plead exhaustion (as the failure to exhaust administrative remedies is an affirmative defense); it nevertheless is another factor to consider for the conversion determination.[5]

Finally, *sua sponte* conversion of this action into a non-habeas civil action would render moot the question of Crooker's obligation to satisfy the Court's non-habeas civil action filing fee ($350.00).  As determined by this court previously, Crooker is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).  Crooker does not dispute this status.  Under the three-strikes rule of § 1915(g), a prisoner may be denied *in forma pauperis* status if he has had, on three or more prior occasions, an action or appeal dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  Where a prisoner has "three strikes," he may only proceed *in forma pauperis* if he is "under imminent danger of

---

[4]This court makes no comment on the appropriate cause(s) of action available to Crooker under the circumstances presented here.

[5]There are material differences between habeas petitions and  non-habeas actions including, *inter alia*, the availability of funding for appointment of counsel (in habeas cases only); the right to a jury trial (in non-habeas cases only); and the award of monetary damages (in non-habeas cases only).  See Robinson, 631 F.3d at 841 ("[W]e think it worth reminding the district courts not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent .... It's not like recharacterizing a tort suit as a suit for breach of contract, since, as explained in Glaus, a habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus.").

serious physical injury." Id.

Thus, in order to proceed with a non-habeas civil action challenging his medical care and the need for cataract surgery, Crooker must file a civil Complaint in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure and pay the $350.00 filing fee or demonstrate that his cataract condition renders him under imminent danger of serious physical injury such that the three-strikes rule would not apply.[6]

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.    Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and;

2.    This action is DISMISSED in its entirety with prejudice.

SO ORDERED.

                                        /s/ George A. O'Toole, Jr.
                                        GEORGE A. O'TOOLE, JR.
                                        UNITED STATES DISTRICT JUDGE

DATED:  January 4, 2013

---

[6]While there is nothing in the allegations presented here that would demonstrate that Crooker is under an imminent threat of serious physical injury, in a non-habeas action filed by Crooker, he would have an opportunity to present sufficient factual allegations as to any alleged imminent physical harm.